UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIA GUADALUPE GONZALEZ, <br><br> Plaintiff, <br><br> v. <br><br> LAW FIRM OF SAM CHANDRA, APC, et al., <br><br> Defendants. | NO: 13-CV-0097-TOR <br><br> ORDER DENYING DEFENDANTS' MOTION TO DISMISS |

BEFORE THE COURT is Defendants' Motion to Dismiss (ECF No. 3).[1] This matter was heard with oral argument on September 4, 2013. Michael D. Kinkley and Kirk D. Miller appeared on behalf of the Plaintiff. Andrew C.

---

[1] After filing this motion, Defendants moved to withdraw their venue challenge. ECF No. 13. The motion to withdraw their challenge is granted. At oral argument, defense counsel also withdrew Defendants' arguments challenging personal jurisdiction.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~ 1

Bohrnsen appeared on behalf of the Defendants.  The Court has reviewed the briefing and the record and files herein, and is fully informed.

## BACKGROUND

Plaintiff has sued to recover damages for violations of the Fair Debt Collection Practices Act, the Washington Collection Agency Act, and the Washington Consumer Protection Act.  Plaintiff alleges that Defendants illegally garnished her wages in an attempt to collect on a California judgment entered against a different person.  Defendants, who concede that Plaintiff is not the correct judgment debtor, have moved to dismiss the case for failure to state a claim and failure to join an indispensable party.

## FACTS

The following facts are drawn primarily from Plaintiff's complaint and the documents attached thereto and are accepted as true for purposes of the instant motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  At all times relevant to this lawsuit, Plaintiff Maria Guadalupe Gonzalez ("Plaintiff") lived and worked in the State of Washington.  Defendant Law Firm of Sam Chandra, APC (the "Law Firm") mailed "dunning" letters addressed to a person named Marie Antonietha Crow ("Ms. Crow") on January 27, March 2, and August 11, 2011.  Each of these was mailed to Plaintiff's residence in Wenatchee.  Plaintiff has never met Ms. Crow and has no personal or family connection to her whatsoever.

1  On September 29, 2011, the Law Firm served Plaintiff's employer, New
2  Albertson's, Inc., ("Albertson's") with a wage garnishment order.  The order lists
3  Marie Antonietha Crow as the judgment debtor and references Social Security
4  number XXX-XX-0899.  That Social Security number belongs to Plaintiff.
5  On October 14, 2011, Plaintiff's wages were garnished in the amount of
6  $126.13.  Plaintiff's wages were garnished an additional twenty-one times over the
7  course of the next eleven months.  Plaintiff attempted to halt the garnishments on
8  numerous occasions, first by sending letters to the Law Firm stating that she was
9  not the judgment debtor, then by filing an official report with the Wenatchee Police
10 Department, and later by enlisting the assistance of attorneys with the Northwest
11 Justice Project and the Legal Aid Society of Orange County.  Despite multiple
12 demands to cease and desist, the garnishments continued until one of Plaintiff's
13 attorneys demanded proof that the judgment had been properly domesticated in
14 Washington.  Plaintiff has not been reimbursed for any of her garnished wages.

## DISCUSSION

**A. Failure to State a Claim**

A motion to dismiss for failure to state a claim "tests the legal sufficiency" of the plaintiff's allegations.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007). "Naked assertion[s]," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action will not do." *Id.* at 555, 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a plaintiff is not required to establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint must also contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled. The court should generally draw all reasonable inferences in the plaintiff's favor, *see Sheppard v. David Evans and Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012), but it need not accept "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~ 4

In ruling upon a motion to dismiss, a court must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the party opposing the motion. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court may disregard allegations that are contradicted by matters properly subject to judicial notice or by exhibit. *Id.* The court may also disregard conclusory allegations and arguments which are not supported by reasonable deductions and inferences. *Id.*

Defendants argue that Plaintiff's claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* must be dismissed for lack of a cognizable legal theory. Specifically, Defendants contend that Plaintiff did not owe a "debt" within the meaning of the FDCPA because Plaintiff was not a party to the transaction which resulted in the subject judgment. Stated more plainly, Defendants contend that Plaintiff lacks a viable FDCPA claim because the debt at issue actually belongs to someone else—Marie Antonietha Crow. ECF No. 3 at 12-14; ECF No. 14 at 6-7.

This argument is not well-taken. Under the FDCPA, "[t]he term 'debt' means any obligation *or alleged obligation* of a consumer to pay money arising out of a [consumer transaction]." 15 U.S.C. § 1962a(5) (emphasis added). The term "consumer," in turn, means "any natural person obligated *or allegedly obligated* to pay any debt." 15 U.S.C. § 1692a(3) (emphasis added). The words "alleged" and

"allegedly" in these definitions are significant. They signify that persons who do not actually owe a debt—including those who have been erroneously identified as judgment debtors—are within the FDCPA's protections. *See, e.g.*, *Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997, 1002 (8th Cir. 2011) (reversing dismissal of FDCPA claim filed against debt collector who had "erroneously contacted the wrong 'James Dunham.'"). The Eighth Circuit's reasoning in *Dunham* is instructive:

> Section 1692a(3) provides that "[t]he term 'consumer' means any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). . . . [R]esolution of whether the plain language of § 1692a(3)'s "consumer" definition encompasses Dunham, someone mistakenly contacted by a debt collector, turns on the proper reading of the phrase "allegedly obligated to pay."
>
> \* \* \*
>
> PRA argues that because it erroneously contacted the wrong "James Dunham," it did not "allege" that Dunham was "obligated to pay any debt." . . . Under [this] interpretation of the Act, a person who has been abused by a debt collector's harassing tactics . . . could not invoke the protection of the FDCPA if the debt collector contacted the individual by mistake. This interpretation would read the phrase "allegedly obligated" to only apply to those who actually owe or owed the specific debt at issue, despite whether a debt collector asserted a person owes the specific debt.
>
> \* \* \*
>
> We find that PRA ["alleged" a debt]. PRA concedes, as it must, that it contacted Dunham with letters demanding that a "James Dunham" pay the payment obligation. If Dunham paid the payment obligation, PRA would have likely found that "James Dunham" satisfied his payment obligation. Therefore, PRA alleged, albeit mistakenly, that

ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~ 6

>Dunham owed the payment obligation. Simply put, a mistaken allegation is an allegation nonetheless. Thus, we read § 1692a(3) to include individuals who are mistakenly dunned by debt collectors.

*Dunham*, 663 F.3d at 1001-02.

The Court finds this reasoning persuasive and adopts it in full. Defendants "alleged" that Plaintiff owed a debt when they mailed her "dunning" letters and later garnished her wages using her Social Security number to identify her. The fact that the debt actually belonged to someone else does not strip Plaintiff of a cause of action under the FDCPA. These claims may proceed.

**B. Failure to Join an Indispensable Party**

Defendants have moved to dismiss Plaintiff's claims for failure to join an indispensable party pursuant to Federal Rule of Civil Procedure 12(b)(7). Defendants contend that Plaintiff's employer, Albertsons, is an indispensable party because the Court cannot award complete relief if Albertsons is not joined. According to Defendants, "Albertsons' potential fault and reason for potentially garnishing the wrong person is perhaps the most important issue in the case and cannot be decided without [Albertsons] as a party." ECF No. 3 at 18.

Joinder of parties is governed by Federal Rule of Civil Procedure 19. The rule provides, in relevant part, that "A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if[,] in that person's absence, the court cannot accord complete

ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~ 7

relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A).  The relevant question for purposes of determining whether "complete relief" can be afforded is "whether success in the litigation can afford the plaintiff[] the relief *for which [he or she has] prayed*." *Yellowstowne Cnty. v. Pease*, 96 F.3d 1169, 1172 (9th Cir. 1996) (emphasis in original) (quotation and citation omitted).

Here, Plaintiff has not prayed for any relief as against Albertsons.  She has not alleged that Albertsons was responsible for incorrectly identifying her as the judgment debtor, and the record does not support such a theory.  Notably, the Law Firm sent dunning letters *to Plaintiff's address in Washington* long before the garnishment order was served upon Albertsons.  This would seem to be powerful proof that the Law Firm, rather than Albertsons, was responsible for erroneously identifying Plaintiff as the judgment debtor.

Moreover, contrary to defense counsel's assertion at oral argument, the garnishment order served upon Albertsons lists Plaintiff's *full Social Security number*.  ECF No. 1-1 at 28.  This was undoubtedly how Albertsons identified Plaintiff as the employee whose wages it was required by court order to garnish.  The fact that the name on the garnishment order did not match Plaintiff's name does not necessarily mean that Albertsons is partially at fault.  For one thing, the judgment debtor's first name differs from Plaintiff's first name by only one letter ("Marie" and "Maria").  These names are quite similar, and one name could

ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~ 8

reasonably be interchanged with the other as a nickname or preferred name. And while the remainder of the name does not match, an employer in Albertsons's position, when presented with a matching Social Security number and two very similar female first names, may have reasonably inferred that the subject employee had simply changed her surname (for example, after being recently married or widowed). Indeed, reliance upon a matching Social Security number—which is designed to be a unique personal identifier—is quite reasonable under these circumstances. Accordingly, the Court finds that complete relief can be granted as between Plaintiff and the existing Defendants on the claims which Plaintiff has elected to pursue. The case will not be dismissed for failure to join an indispensable party.

**IT IS HEREBY ORDERED:**

1. Defendants' Motion to Withdraw Venue Challenge (ECF No. 13) is **GRANTED**.

2. Defendants' Motion to Dismiss (ECF No. 3) is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** September 4, 2013.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~ 9